## ROBERT BARCLAY
### *v.*
## HARVEY L. ROSS.

1. PLEADING — *variance.* If a plea in an action upon a promissory note sets up as a defense that the note was given upon a purchase of land, and that the plaintiff gave his title bond, by which he agreed to convey the land by deed with covenant of warranty, which he had failed to do, and upon *oyer* it appears the bond contains no agreement to insert such a covenant in the deed, the variance will be held fatal on demurrer.

2. SAME — *plea must answer the count it professes to answer.* Where a plea to a declaration containing two counts, "defends, &c., as to the said first count, where, &c.," and says, "as to the *second* count, that," &c., and then answers those matters only which are alleged in the second count, it is bad on demurrer. It should answer the first count, which it professes to answer.

3. SAME — *averment, by whom to be made.* Where an averment in a plea purports to be made by the *plaintiff* instead of the defendant, the plea will be held bad on demurrer.

APPEAL from the Circuit Court of Mercer county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of assumpsit, instituted in the Circuit Court by Harvey L. Ross, the appellee, against Robert Barclay. The declaration contained two special counts upon promissory notes, and the third included the common counts. The

defendant pleaded the general issue, and two. special pleas, as follows:

The first alleging that the notes described in the first and second counts were given for the purchase-money of a certain tract of land which he had previously purchased from the plaintiff; that the plaintiff had executed his certain bond, conditioned that if he did not convey the land to the defendant, on or before the maturity of the notes, by deed *with general warranty*, then the bond to be void; and averring that the plaintiff had not conveyed, nor offered to do so.

The second special plea commenced thus : "And now comes the said defendant, and for further plea in this behalf, by leave of the court first had and obtained, and defends, &c., *as to said first count*, where, &c., and says, as to the *second* count in said declaration," &c., alleging the consideration of the note mentioned in the second count to be the same as that set out in the other special plea, and set out the title bond *in hæc verba;* and in regard to the non-performance by the plaintiff of the condition of the bond, the plea.proceeds in these words : " Said *plaintiff* in fact says that the said plaintiff did not make, or cause to be made to said defendant from the said plaintiff and his wife, a deed of conveyance to said real estate," &c.

The plaintiff interposed demurrers to each of these special pleas, craving oyer of the bond mentioned in the first plea, and upon reading the bond, it appeared that it did not contain any agreement, on the part of the plaintiff, to convey the land by deed *with warranty*, but simply that he should " make, or cause to be made, a deed of conveyance from himself and wife," to the defendant. Both demurrers were sustained by the Circuit Court; the general issue being submitted to the court, was found in favor of the plaintiff. A motion for a new trial and in arrest of judgment was overruled, and a judgment entered in pursuance of the finding, from which the defendant took this appeal. And it is assigned for error, that the court sustained the demurrers to the two special pleas.

Messrs. GLOVER, COOK & CAMPBELL, for the appellant.

Messrs. C. M. HARRIS, H. M. WEAD and A. G. KIRKPATRICK, for the appellee.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court :

Both special pleas were bad and the demurrers to them were properly sustained. The first of these pleas sets out the substance of a bond for which the note was given, which is, that the plaintiff and wife should make to the defendant a deed to certain premises, with covenants of warranty. The demurrer sets out the bond, on oyer, from which it appears that it did not require the plaintiff to make a warranty deed to the premises. This was a material variance for which it would have been excluded on the trial. If a plea constituting a good defense could have been drawn on this bond it would have been a different plea from the one to which the demurrer was filed. The next plea sets out the bond correctly, but is still liable to two fatal objections. This plea " defends, &c., as to said 1st count when, &c., and says as to the *second* count in said declaration, that," &c. Here the plea professes to answer the first count, and then goes on with a statement of facts which is only applicable to the second count, which it does not profess to answer. It is no answer to the count which it professes to answer. There is another fatal defect in this plea, which is also, no doubt, the result of carelessness in drafting it. It avers, " said *plaintiff*, in fact, says that said plaintiff did not in fact make," &c. It is no matter what the plaintiff says in the matter, but it is for the defendant to make his averments in his plea. In this plea there is no averment by the defendant that the plaintiff did not make the deed as he should have done, and without such averment, of course, the plea showed no defense.

Both demurrers were properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*